UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRALIA MARITIME S.A. and AERIO SHIPMANAGEMENT LTD.,

                Plaintiffs,

-against-

PRAXIS ENERGY AGENTS DMCC,

                Defendant.

18-cv-

**VERIFIED COMPLAINT**

---

Plaintiffs, Stralia Maritime S.A. ("Stralia") and Aerio Shipmanagement Ltd. ("Aerio" and, collectively with Stralia, "Plaintiffs"), by their attorneys Freehill, Hogan & Mahar LLP, file their Verified Complaint against Praxis Energy Agents DMCC ("Praxis" or "Defendant"), and respectfully allege upon information and belief as follows:

### THE PARTIES

1. Stralia is an entity organized and existing under the laws of a foreign country with its principal place of business located in the Marshall Islands.

2. At all relevant times herein, Stralia was the registered owner of the M/V GEMA (the "Vessel").

3. Aerio is an entity organized and existing under the laws of the Marshall Islands with its principal place of business located in Greece.

4. At all relevant times herein Aerio was the ship manager/commercial manager of the Vessel.

480345.1

5.    Praxis is an entity organized and existing under the laws of a foreign country with its principal place of business located at Swiss Tower, Suite 16-03, Jumeirah Lake Towers, P.O. Box 215503, Dubai, United Arab Emirates.

### JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1333 as this action involves admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and insofar as this action involves claims arising out of breaches of various maritime contracts by Praxis.

7.    This Court has personal jurisdiction over Praxis and venue is proper in this District pursuant to the terms of a Bunker Supply Contract ("Contract") and Letter of Indemnity between Praxis and Plaintiffs dated June 16, 2017 (the "LOI"), which amended and supplemented the Contract and which calls for all disputes arising thereunder to exclusively be brought in the United States District Court for the Southern District of New York. A copy of the LOI is attached as **Exhibit A**.

### FACTUAL BACKGROUND

8.    On April 7, 2017, Plaintiffs and Praxis entered into Contract pursuant to which Praxis agreed to supply fuel known as bunkers (the "Bunkers") to the Vessel at the Port of Fujairah on or about April 10-12, 2017. The terms of the Contract were memorialized in a Bunker Nomination (the "Bunker Nomination"), a copy of which is attached as **Exhibit B**, which identifies "World Bunker Suppliers" as the entity which would physically supply the Bunkers to the Vessel.

9.    The Contract between Plaintiffs and Praxis contained an implied term and/or warranty of good faith and fair dealing, under which Praxis was obligated to avoid negligently or

intentionally subjecting the Vessel to arrest, including by fully and promptly paying any of Praxis' sub-contractors who might otherwise possess *in rem* claims against the Vessel.

10. It was understood by Plaintiffs that the identification of "World Bunker Suppliers" on the Bunker Nomination was a mistake and that instead World Bunkering Traders Limited ("WBT") would serve as the physical supplier.

11. At or about the time of the issuance of the Bunker Nomination, and unbeknownst to Plaintiffs, Praxis sub-contracted with non-party International Fuel Suppliers Limited ("IFS") which, in turn, further sub-contracted with WBT to physically supply the Bunkers to the Vessel. On information and belief, IFS then engaged WBT to act as the physical supplier.

12. WBT physically supplied the Bunkers to the Vessel at the Port of Fujairah on April 11, 2017 and issued two Bunker Delivery Receipts ("BDRs") to the Vessel. Copies of the BDRs are attached as **Exhibit C**.

13. IFS issued its Invoice to Praxis on April 11, 2017 (the "IFS Invoice", copy attached as **Exhibit D**) with payment being required to be made by April 25, 2017.

14. On April 11, 2017, Praxis issued its Invoice Number 20348 to Stralia and/or Aerio in the amount of USD $86,799.76 for the supply of the Bunkers to the Vessel (the "Praxis Invoice"). A copy of the Praxis Invoice is attached as **Exhibit E**.

### THE DISPUTE BETWEEN PRAXIS AND WBT

15. At or about the time of the subject supply of the Bunkers to the Vessel, a dispute developed between Praxis and IFS and/or WBT concerning certain other bunker stems wholly unrelated to those supplied to the Vessel.

16. As a result of its dispute with IFS and/or WBT, Praxis advised Plaintiffs that it was withholding payment to IFS and/or WBT for the Bunkers supplied to the Vessel.

## PLAINTIFFS AND PRAXIS EXECUTE A LOI

17. Due to the ongoing dispute between Praxis and WBT and Praxis' decision to withhold payment for the Bunkers supplied to the Vessel, Plaintiffs initially withheld payment to Praxis out of concern that the Vessel might be arrested by WBT as a result of Praxis' failure to remit payment down the chain of supply. Such arrest would have exposed Plaintiffs to a risk of having to pay twice for the same bunkers, a result neither Plaintiffs nor Praxis intended under the Contract.

18. In order to resolve the matter, in late June 2017, Plaintiffs and Praxis amended and supplemented the Contract with a written Letter of Indemnity LOI: (1) establishing a timeline for Plaintiffs to pay the Praxis Invoice; (2) confirming Praxis' implied obligation under the Contract to pay its sub-contractor(s), at that time understood by Plaintiffs to be WBT, contemporaneous with or within a reasonable period of time after the Bunkers were supplied to the Vessel; and (3) providing that Praxis would "fully defend, at its sole cost, indemnify and hold harmless the Vessel, Stralia and Aerio from any and all demands, claims, liabilities, damages, suits, actions (including arrest or attachment of the Vessel), debts, obligations, judgments, costs and expenses of whatsoever kind and nature (inclusive of reasonable attorneys fees) by WBT arising out of the Bunkers supplied to the Vessel on 11 April 2017." See **Exhibit A**.

19. At the time the LOI was signed with Praxis in late June 2017, Plaintiffs were not informed by Praxis and were not aware of the involvement of IFS in the supply chain. Praxis having mislead Plaintiffs into understanding that it had contracted directly with WBT to supply the Bunkers.

480345.1

### IFS ARRESTS THE VESSEL

20.     As provided in the LOI, on or about June 18, 2017, Plaintiffs made full payment of the Praxis Invoice to satisfy their obligations under the Contract.

21.     Despite receiving full payment from Plaintiffs, Praxis failed to resolve its dispute with IFS/WBT and otherwise failed to remit payment down the chain of supply to IFS for the Bunkers supplied to the Vessel.

22.     On April 11, 2017, WBT assigned to IFS all of its rights, title and interest in any claims arising in respect of the Bunkers, including the right to arrest the Vessel for non-payment.

23.     As a direct result of Praxis' breach of the Contract by failing to resolve its dispute with WBT and to remit payment for the Bunkers under the IFS Invoice, IFS arrested the Vessel at Fujairah on November 8, 2017 under suit bearing reference No. 923/2017 (the "Vessel Arrest Action") and commenced substantive proceedings before the Fujairah Court under suit bearing reference No. 946/2017 to validate the arrest proceedings (the "Claim to Validate the Arrest Proceedings").

24.     In addition, IFS also brought suit against Stralia and Praxis in Dubai under suit bearing reference No. 3629/2017 (the "Main Claim Proceedings") alleging Praxis had breached the terms of the contract to supply the Bunkers pursuant to which Praxis owed the principal sum of USD 84,380.37 (equivalent to AED 309,920) under the invoice issued by IFS to Praxis for the Bunkers, and further alleging that, as Owner of the Vessel, Stralia was directly liable to IFS for payment of the principal sum due for the Bunkers under the IFS Invoice, plus interest, costs and attorneys' fees.

25. All three actions filed by IFS against the Vessel and Stralia in the courts in the UAE[1] arose as a direct result of Praxis' failure to resolve its dispute with WBT and/or make payment for the Bunkers supplied to the Vessel under the IFS Invoice.

26. Despite agreeing in writing to do so at its sole cost, Praxis failed to defend, indemnify, and hold harmless Plaintiffs and the Vessel against the Vessel Arrest Action, the Claim to Validate the Arrest Proceedings, and the Main Claim Proceedings (the "UAE Legal Proceedings").

27. In order to avoid incurring considerable costs and legal expenses arising out of the Vessel Arrest Action and the Claim to Validate the Arrest Proceedings, on November 14, 2017, Stralia posted cash security in the amount of USD 84,931.50 with the court in Fujairah to free the Vessel from arrest.

28. On January 16, 2018, more than 9 months after the bunkers were supplied to the Vessel and more than 2 months after the Vessel was arrested at Fujairah, Praxis finally remitted payment to IFS in the amount of $84,380.37 (the principal amount due under the IFS Invoice).

29. However, in further breach of its agreement under the Contract as supplemented and amended by the LOI, Praxis failed to pay to IFS the court fees, legal interest and/or legal fees incurred by IFS in bringing the UAE Legal Proceedings, all of which had been demanded by IFS in order to withdraw same.

30. On March 12, 2018, pursuant to the terms of a Settlement Agreement entered between Stralia and IFS (the "Settlement Agreement") IFS agreed to accept AED 68,689.00 (equivalent to $18,720) as full and final settlement of all claims alleged against Stralia and the

---

[1] The court papers filed in each of the UAE court proceedings incorrectly identified IFS as "International Fuel Suppliers LLC."

480345.1

Vessel by IFS, as well as the court fees, legal interest and legal fees incurred by IFS in bringing the UAE Legal Proceedings (the "Settlement Amount").

31. Under the Settlement Agreement, IFS further fully and irrevocably assigned to Stralia and Aerio all right, title and interest in the claims set forth in the UAE legal proceedings, particularly including all rights which IFS had acquired by way of assignment from WBT, and the right to pursue recovery from Praxis for non-payment of interest, costs and attorneys' fees due and owing to IFS arising out of the supply of the Bunkers, the contract entered between IFS and Praxis, the IFS general terms and conditions, and as otherwise permitted under law.

32. In addition to having paid the Settlement Amount to resolve the UAE Legal Proceedings, as a result of Praxis' failure to comply with its obligations under the terms of the Contract and LOI, Stralia was also forced to incur considerable costs, fees, and expenses totaling AED 192,307 (equivalent to $57,250) in defending the UAE Legal Proceedings.

33. As a result of the arrest by IFS, the Vessel was delayed at Fujairah from November 8 to 14, 2017, thereby resulting in additional expenses in the amount of $129,006 being incurred by Plaintiffs for the cost of bunkers consumed during this period, agent's expenses, crew expenses, the cost of technicians who were unable to board the Vessel, and legal fees.

34. Plaintiffs additionally sustained loss of profits in the amount of $183,189 on a voyage which the Vessel was unable to perform due to the arrest.

35. Praxis' failure to timely pay its subcontractor(s), IFS and/or WBT, and intentional decision to withhold such payment, breached the implied term and/or warranty of good faith and fair dealing under the Contract. Praxis is liable to Plaintiffs for all damages resulting from that breach.

480345.1

36. In the alternative, Praxis' failure to timely pay its sub-contractor(s), IFS and/or WBT, and failure to defend and indemnify Plaintiffs and the Vessel, breached the terms of the Contract as supplemented and amended by the LOI. Praxis is liable to Plaintiffs for all damages resulting from that breach.

## FIRST CAUSE OF ACTION:
## BREACH OF THE CONTRACT AND LOI

37. Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-36, as though fully set forth herein.

38. It was an implied term of the Contract, as amended and supplemented by the LOI, that Praxis would timely pay its sub-contractor(s), IFS and/or WBT, in order to avoid a threat that the Vessel would be arrested by the physical and/or contractual supplier.

39. The failure of Praxis to timely remit payment for the Bunkers down the chain of supply to IFS and/or WBT as required by the implied terms of the Contract, resulted in the arrest of the Vessel and the bringing of the UAE Legal Proceedings against the Vessel and Stralia.

40. As such, Praxis breached its obligations under the Contract and LOI.

41. Due to and as a direct result of Praxis' breach of the Contract and LOI, Plaintiffs have suffered damages in the amount of $388,166.

42. Despite due demand, Praxis has failed to make payment of the $388,166 owed to Plaintiffs as a result of its breach of the Contract and LOI, all of which presently remains due and outstanding.

480345.1

## SECOND CAUSE OF ACTION:
## BREACH OF IMPLIED WARRANTY

43. Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-42, as though fully set forth herein.

44. The Contract, as supplemented and amended by the LOI, between Plaintiffs and Praxis contained an implied warranty of good faith and fair dealing, under which Praxis was obligated to avoid negligently or intentionally subjecting the Vessel to arrest, including by promptly making full payment of any and all invoices issued by the downstream supplier(s) of the Bunkers, including those of IFS and WBT, in order to remove any threat that the Vessel would be arrested by sub-contractors who might otherwise possess *in rem* claims against the Vessel.

45. In failing to make full and prompt payment to IFS, Praxis breached this implied warranty.

46. Accordingly, Praxis is liable for all damages and losses caused by Praxis' breach of the implied warranty in the amount of $388,166.

## THIRD CAUSE OF ACTION:
## BREACH OF THE LOI OBLIGATIONS TO DEFEND, INDEMNIFY AND HOLD HARMLESS

47. Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-46, as though fully set forth herein.

48. Praxis also breached the express terms of the LOI by failing to "fully defend, indemnify, and hold harmless the Vessel, Stralia and Aerio" against the UAE Legal Proceedings.

49. Due to and as a direct result of Praxis' breach of the LOI, Plaintiffs have suffered damages in the amount of $388,166.

50.     Despite due demand, Praxis has failed to make payment of the $388,166 owed to Plaintiffs as a result of its breach of the LOI, all of which sum presently remains due and outstanding.

### FOURTH CAUSE OF ACTION: COMMON LAW INDEMNITY

51.     Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-50, as though fully set forth herein.

52.     As more fully set out in paragraphs 21-24 above, non-payment to IFS/WBT, and the subsequent arrest of the Vessel, was solely the result of action/inaction on the part of Praxis, and Plaintiffs did not in any way contribute to these events.

53.     Accordingly, Plaintiffs are entitled to common law indemnity from Praxis, and Praxis is liable for all damages and losses caused by Praxis' failure to remit payment to IFS/WBT and the subsequent arrest of the Vessel in the amount of $388,166.

### FIFTH CAUSE OF ACTION: UNJUST ENRICHMENT

54.     Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-53, as though fully set forth herein.

55.     To the extent Praxis alleges that the express terms of the LOI which required it to "fully defend, indemnify, and hold harmless the Vessel, Stralia and Aerio from any and all demands, claims, liabilities, damages, suits, actions (including arrest or attachment of the Vessel), debts, obligations, judgments, costs and expenses of whatsoever kind and nature (inclusive of reasonable attorneys fees) by World Bunkering arising out of the Bunkers supplied to the Vessel on 11 April 2017," does not apply because the arrest was undertaken by IFS, Praxis nonetheless remains liable to Plaintiffs under the principle of unjust enrichment.

56. Despite being obligated under the Contract, as supplemented and amended by the LOI, to have made timely payment of the IFS Invoice, and further being legally obligated as a matter of UAE law to pay the court fees, legal interest and/or legal fees incurred by IFS in bringing the UAE Legal Proceedings, which were brought solely as a result of Praxis' failure to have timely paid the IFS Invoice (the rights under which Invoice and underlying contract have been assigned to Plaintiffs), Praxis has benefitted at Plaintiffs' expense where Plaintiffs were forced to incur and pay $18,720 to IFS and incur attorneys' fees in the sum of $57,250 in order to resolve the UAE Legal Proceedings, thereby avoiding the costs and expenses that should have been expended by Praxis.

57. Equity and good conscience require Praxis to make restitution for the damages suffered by Plaintiffs at the expense of Praxis because all of Plaintiffs' damages resulted directly from the negligent and/or intentional actions of Praxis in failing to remit payment down the chain of supply to IFS and in its failure to defend, indemnify and hold harmless the Vessel and Plaintiffs against the arrest of the Vessel and the claims asserted in the UAE Legal Proceedings.

58. Accordingly, Praxis has been unjustly enriched at the expense of Plaintiffs in the amount of $89,670, and Plaintiffs are entitled to restitution in that amount.

### SIXTH CAUSE OF ACTION:
### BREACH OF IMPLIED DUTY OF GOOD FAITH

59. Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-58, as though fully set forth herein.

60. The LOI is governed by New York law. Under New York law, every contract contains an implied duty of good faith and fair dealing.

61. Praxis intentionally or negligently misled Plaintiffs into believing that WBT was the direct contract counter-party of Praxis.

62. In the absence of being informed by Praxis, Plaintiffs had no reason to know, as of the time the LOI was agreed, that IFS had a role in the supply of the Bunkers as a sub-contractor and which might have an *in rem* claim against the Vessel.

63. In refusing to fully defend, indemnify and hold harmless Plaintiffs against the arrest of the Vessel and the claims asserted in the UAE Legal Proceedings, Praxis breached the implied duty of good faith and fair dealing in the LOI because Praxis' actions have directly impaired the value of the Contract, as amended and modified by the LOI, for Plaintiffs.

64. Praxis' breach of the duty of good faith and fair dealing has resulted in Plaintiffs' suffering damages in the amount of $388,166.

### SEVENTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

65. Plaintiffs incorporate, repeat and reassert the allegations contained in paragraphs 1-64, as though fully set forth herein.

66. The Bunker Nomination identified WBT as the entity which would physically supply the Bunkers to the Vessel.

67. As Plaintiffs' contractual counterparty, Praxis had a duty under the terms of the Contract, as amended and modified by the LOI, to provide Plaintiffs with correct information regarding all entities in the chain of supply, including but not limited to the correct identity of any intermediary contractual supplier as well as the actual physical supplier.

68. Praxis negligently or intentionally failed to inform Plaintiffs that it had sub-contracted to IFS to supply the Bunkers to the Vessel, thereby reinforcing Plaintiffs' expectation that WBT was its direct contract counterparty.

69. In addition, at the time the LOI was entered, Praxis failed to inform Plaintiffs that it was engaged in a dispute with WBT and IFS regarding unrelated contracts for bunkers

supplied to other vessels and that Praxis did not intend to timely pay the sums which would become due under the IFS Invoice and which would likely result in the arrest of the Vessel.

70. Praxis knew or should have known that its omissions regarding the identities of the intermediary sub-contractual supplier and the actual physical supplier, and Praxis' intention not to timely pay WBT and/or IFS, would be relied upon by Plaintiffs in entering into the Contract and LOI with Praxis.

71. Plaintiffs reasonably relied upon the false and/or misleading information provided and/or omitted by Praxis and had no reason to believe that Praxis would fail to make known the identity of any intermediary sub-contractual supplier and the actual physical supplier and/or fail to timely remit payment down the chain of supply in the ordinary course of business.

72. Such reliance was to the detriment of Plaintiffs because it ultimately resulted in the arrest of the Vessel and Plaintiffs' incurring considerable costs, fees, and expenses defending the claims asserted by IFS.

73. Praxis' negligent misrepresentation has resulted in Plaintiffs' suffering damages in the amount of $388,166.

### EIGHTH CAUSE OF ACTION: FRAUD IN THE INDUCEMENT

74. Plaintiffs incorporate, repeat and reallege each and every allegation contained in paragraphs 1-73 above, as though fully set forth herein.

75. At the time the Contract and LOI were entered into, Praxis made material misrepresentations/omissions regarding its intention to remit payment downstream in the ordinary course of business to its sub-contractual supplier IFS and physical supplier WBT. In addition, Praxis also made a material misrepresentation/omission regarding the involvement of

IFS in the chain of supply and the fact that the Vessel faced the threat of arrest and Plaintiffs may be faced with future claims from IFS in addition to WBT as a result of Praxis' failure to pay IFS and/or WBT.

76. Praxis knew these misrepresentations/omissions to be false and misleading because at that time Praxis was embroiled in a dispute with IFS/WBT and knew full well that it would refrain from making payment to IFS/WBT for the subject bunker supply, and further because Praxis knew IFS was involved in the chain of supply and could potentially make a claim against the Vessel and Plaintiffs in the future.

77. Such misrepresentations and/or omissions were made with the intention of inducing Plaintiffs to rely on such misrepresentations and/or omissions because Praxis knew that Plaintiffs would not have entered into the Contract had they known that they may, in the future, be faced with claims from downstream suppliers such as WBT and IFS, and further because Plaintiffs would not have agreed to the language in the LOI protecting Plaintiffs only from claims against WBT and not from claims which may be made by IFS.

78. Plaintiffs reasonably relied upon these misrepresentations and/or omissions because Praxis did not give any indication that it would wantonly ignore its downstream contractual obligations, and further because Praxis did not inform Plaintiffs that IFS was also involved in the chain of supply and could, in turn, potentially advance a claim against Plaintiffs and the Vessel in the future.

79. These misrepresentations and/or omissions resulted in injury to Plaintiffs because Plaintiffs were ultimately required to defend the arrest of the Vessel and the claims asserted by IFS in the UAE, all at significant cost and expense to Plaintiffs, and to also suffer a loss of profit in respect to voyages the Vessel was unable to perform while the Vessel was under arrest.

80. Praxis' fraudulent inducement has resulted in Plaintiffs' suffering damages in the amount of $388,166.

### NINTH CAUSE OF ACTION:
### REFORMATION OF THE LOI BASED UPON UNILATERAL MISTAKE

81. Plaintiffs incorporate, repeat and reallege each and every allegation contained in paragraphs 1-80 above, as though fully set forth herein.

82. As set forth above, Praxis fraudulently and/or negligently induced Plaintiffs to enter into the LOI by purposely, knowingly and/or negligently failing to inform Plaintiffs that IFS was also involved in the chain of supply as an intermediary sub-contractual supplier and could thus, in turn, potentially advance a future claim against Plaintiffs and the Vessel in the event IFS was not paid by Praxis.

83. Plaintiffs' lack of knowledge regarding the involvement of IFS in the chain of supply resulted in a unilateral mistake of fact in entering the LOI on the part of Plaintiffs that was directly and solely induced by the fraud and/or purposeful omission of information on the part of Praxis.

84. As a result of this unilateral mistake of fact, Plaintiffs are entitled to a reformation of the contract to state that Praxis must "fully defend, at its sole cost, indemnify and hold harmless the Vessel, Stralia and Aerio from any and all demands, claims, liabilities, damages, suits, actions (including arrest or attachment of the Vessel), debts, obligations, judgments, costs and expenses of whatsoever kind and nature (inclusive of reasonable attorneys fees) by WBT **and/or IFS** arising out of the Bunkers supplied to the Vessel on 11 April 2017."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that:

1. Process in due form be issued to Praxis citing it to appear and answer this Verified Complaint, failing which a default may be taken;

2. The Court award Plaintiffs any and all damages available under the Contract and LOI at law, equity, and any and all relevant statutes for Praxis' breach of the Contract and/or LOI in the amount of no less than $388,166;

3. The Court award Plaintiffs common law indemnity damages against Praxis in the amount of no less than $388,166;

4. The Court award Plaintiffs any and all damages available under the Contract and/or LOI at law, equity, and any and all relevant statutes for Praxis' breach of implied warranty in the amount of no less than $388,166;

5. The Court award Plaintiffs any and all damages available under the Contract and/or LOI at law, equity, and any and all relevant statutes for Praxis' unjust enrichment in the amount of no less than $388,166;

6. The Court award Plaintiffs any and all damages available under the Contract and/or LOI at law, equity, and any and all relevant statutes for Praxis' breach of the implied duty of good faith and fair dealing in the amount of no less than $388,166;

7. The Court award Plaintiffs any and all damages available under the Contract and/or LOI at law, equity, and any and all relevant statutes for Praxis' negligent misrepresentation in the amount of no less than $388,166;

8. The Court award Plaintiffs any and all damages available under the Contract and/or LOI at law, equity, and any and all relevant statutes for Praxis' fraudulent inducement in the amount of no less than $388,166;

9. The Court reform the LOI to require Praxis also hold Plaintiffs harmless from all consequences of the arrest of the Vessel by IFS.

10. That Plaintiffs be awarded such other and further relief which this Court may deem just and proper including but not limited to the attorneys' fees and costs to which Plaintiffs are entitled under the Contract, LOI and any and all relevant statutes.

Dated: New York, New York
May 9, 2018

Respectfully Submitted,

Michael E. Unger, Esq.
Michael J. Dehart, Esq.
FREEHILL HOGAN & MAHAR LLP
80 Pine Street, 25th Floor
New York, New York 10005
Tel.: (212) 425-1900
Fax: (212) 425-1901

480345.1

## ATTORNEY VERIFICATION

State of New York    )
                                    ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiffs are because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

Michael E. Unger

Sworn to before me this

9th day of May, 2018

Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Commission Expires October 31, 2021

480345.1
18