# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STRALIA MARITIME S.A., and
AERIO SHIPMANAGEMENT LTD.,

      Plaintiffs,

v.                           CASE NO.  1:18cv4150-RH

PRAXIS ENERGY AGENTS DMCC,

      Defendant.

_____/

## FINAL DEFAULT JUDGMENT

The plaintiff Stralia Maritime S.A. ("Stralia") and the defendant Praxis Energy Agents DMCC ("Praxis") entered an agreement under which Praxis was to provide bunkers to Stralia's vessel *M/V Gema*. Praxis caused bunkers to be provided by a supplier. Praxis did not pay the supplier because of an unrelated dispute between Praxis and the supplier or a related party. Stralia and Praxis entered an indemnity agreement under which Stralia paid Praxis for the bunkers and Praxis agreed to indemnify and hold Stralia harmless from any arrest of the ship or claims resulting from the failure to pay the supplier.

The supplier caused the ship to be arrested. Praxis paid the supplier the principal amount due for the bunkers but not the additional amounts, including

costs and attorney's fees, claimed by the supplier. Stralia was forced to pay those amounts to bring about the release of the ship. Stralia filed this action against Praxis for amounts due under the indemnity agreement. Stralia joined a related entity, Aerio Shipmanagement Ltd., as an additional plaintiff to avoid any issue about the proper plaintiff, but the record establishes that Stralia is the proper plaintiff.

Shortly before the scheduled trial of this indemnity action, Praxis gave notice that it would no longer defend the action. Praxis consented to entry of a default. A default was entered. Stralia has submitted evidence that the parties intended the indemnity agreement to cover all amounts incurred by Stralia as a result of Praxis's failure to timely pay the supplier, including not only payments to the supplier but also interest, consequential damages, costs and attorney's fees incurred in defense of any action by the supplier, and costs and attorney's fees incurred in enforcing the indemnity agreement. The evidence is undisputed. This is a reasonable construction of the indemnity agreement's text, conforms with the parties' intent when the indemnity agreement was entered, and is accepted as the proper construction of the agreement.

Stralia has submitted undisputed evidence establishing that these amounts are due under the indemnity agreement:

$18,720.00 paid by Stralia to the supplier;

$57,520.00 attorney's fees incurred by Stralia in the supplier's action;

$23,191.68 expenses incurred to maintain the ship during its arrest; and

$183,189.00 lost profits caused by the arrest.

The total of these amounts is $282,620.68. But this does not include prejudgment interest or attorney's fees incurred in this action.

The complaint does not explicitly demand prejudgment interest but does demand all amounts due under "any and all relevant statutes." ECF No. 20 at 17. The indemnity agreement explicitly provides that disputes are governed by New York law. ECF No. 20-3 at 3. A New York statute mandates prejudgment interest. *See* N.Y.C.P.L.R. § 5001; *see also United Bank Ltd. v. Cosmic Int'l Inc.*, 542 F.2d 868, 878 (2d Cir. 1976) ("This Court has repeatedly held that since CPLR § 5001 is obviously phrased in mandatory terms, New York law does not permit the trial court to exercise any discretion with regard to prejudgment interest determinations."). A demand for "such other relief as the court deems proper" is not a sufficient demand for prejudgment interest, and such a demand cannot be the basis for a default judgment that exceeds the total specified in a complaint. *See Silge v. Merz*, 510 F.3d 157 (2d Cir. 2007). Here, though, the demand for amounts due under relevant statutes goes further, if only a little, than the demand held insufficient in *Silge*, and Praxis was fully aware, before it decided to default, that Stralia was seeking prejudgment interest. Moreover, Stralia will suffer

uncompensated harm—it will not be held harmless as Praxis committed to do—if prejudgment interest is not awarded. Viewed in that light, prejudgment interest is simply part of the contractual damages for which Praxis is plainly liable. This order awards prejudgment interest.

Stralia claims interest at the New York statutory rate of 9%. *See* N.Y.C.P.L.R. § 5004. Before Praxis defaulted, it asserted that prejudgment interest, if awarded at all, should be calculated at a rate proper under federal admiralty law. Praxis asserted the rate should be tied to six-month United States Treasury Bills. This order awards interest at 9%, primarily because the parties said disputes were to be governed by New York law, and also because this is an appropriate exercise of discretion under admiralty law. *See AGCS Marine Ins. Co. v. World Fuel Servs., Inc.*, 220 F. Supp. 3d 431 (S.D.N.Y. 2016) (awarding prejudgment interest at the New York statutory rate of 9% on an insurance claim within the court's admiralty jurisdiction and stating alternatively that the same rate would be adopted as a matter of discretion under admiralty law).

Stralia says interest should run from the date of the vessel's arrest to the date of the judgment. The better view, though, is that interest should run from the date of loss to the date of the judgment. For this purpose, the date of loss means, for an expense, the date when the expense was paid, and for lost profits, the date when the corresponding revenue would have been received. There is discretion on this

issue, and the precise dates of loss need not be established. *See Indep. Bulk Transp., Inc. v. Vessel Morania Abaco*, 676 F.2d 23, 25-26 (2d Cir. 1982). A reasonable inference here is that the average date of loss was 60 days after the arrest. Simple interest on $282,620.68 at 9% from January 7, 2018 through January 23, 2020—746 days—is $51,986.72.

Finally, Stralia says it incurred $185,690.30 in attorney's fees in this action. But the only support provided for this amount is Stralia's owner's declaration stating that he has been informed by Stralia's attorney that this is the amount of fees Stralia has incurred. Under the law of the circuit, more is required for an award of attorney's fees against an adversary. See *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) (announcing that "in this Circuit contemporaneous time records are a prerequisite for attorney's fees").

Attorney's fees may properly be awarded on a timely post-judgment motion. *See* Fed. R. Civ. P. 54(d)(2). Fees will be awarded here, and a separate judgment for attorney's fees will be entered, if Stralia files a timely, properly supported motion. The entry of this judgment on the substantive claim need not be delayed for resolution of this fee issue. *See* Fed. R. Civ. P. 58(e).

For these reasons,

IT IS ADJUDGED that the plaintiff Stralia Maritime S.A. recover from the defendant Praxis Energy Agents DMCC the amount of $282,620.68 as damages

and $51,986.72 as prejudgment interest for a total of Three Hundred Thirty-Four

Thousand Six Hundred Seven and 40/100 Dollars ($334,607.40). Jurisdiction is

retained to award costs and attorney's fees incurred in this action. All other claims

among all parties are dismissed. This is a final default judgment.

      SO ORDERED on January 23, 2020.

s/Robert L. Hinkle
United States District Judge
